**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:26-cv-00520-SEP |
| | ) | |
| SCOTT NIEMETZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff AmGUARD Insurance Company's Motion to Consolidate, Doc. [7], and Motion for Extension of Time to Serve Defendant Niemetz, Doc. [15].   For the reasons set forth below, the motions are denied and the case dismissed.

### FACTS AND BACKGROUND

### I.    AmGUARD's Declaratory Judgment Action – 4:26-cv-00520-SEP

This case arises from a dispute between Plaintiff AmGUARD Insurance Company and Defendant Scott Niemetz over money Mr. Niemetz believes AmGUARD owes him under an insurance policy.   Mr. Niemetz was involved in an automobile accident on December 8, 2021, while driving in Jefferson County, Missouri.   Doc. [1] ¶ 5.   Although Mr. Niemetz settled his tort claim with the insurers for the other driver and that driver's employer, he seeks additional payment from AmGUARD under his own underinsured motorist policy.   Doc. [1] ¶¶ 7-9.   After settlement negotiations broke down between Mr. Niemetz and AmGUARD, AmGUARD filed this suit on April 8, 2026, seeking a declaratory judgment that Mr. Niemetz's "settlements with the tortfeasors fully compensated him for his damages" or, in the alternative, "that AmGUARD is entitled to [] set off any amounts received by Niemetz from the total amount of any damages awarded."   Doc. [1] ¶¶ 14-15.

A month after filing suit, AmGUARD filed a motion to consolidate this case with Case No. 4:26-cv-00656-SRC, Doc. [7], despite the fact that it had not yet served Mr. Niemetz in this case.   On July 2, 2026, this Court alerted AmGUARD that, "[u]nder Rule 4(m), if 'a defendant is not served within 90 days after the Complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

that service be made within a specified time,'" and ordered "that Plaintiff must serve Defendant Niemetz by July 7, 2026, or the action will be dismissed without prejudice." Doc. [14]. On July 7th, AmGUARD moved for an extension of time to serve Mr. Niemetz. *See* Doc. [15].

## II.    Mr. Niemetz's Refusal to Pay Action – 4:26-cv-00656-SRC

Six days after AmGUARD filed its declaratory judgment suit, on April 14, 2026, Mr. Niemetz filed a lawsuit against AmGUARD in the Circuit Court of Jefferson County, Missouri, for breach of contract and vexatious refusal to pay. *See* Doc. [7] ¶ 4. On April 30, 2026, AmGUARD removed that lawsuit to the Eastern District of Missouri, where it was randomly assigned to the Honorable Stephen R. Clark. *See Niemetz v. AmGUARD Insurance Company*, 4:26-cv-00656-SRC, Doc. [1] (E.D. Mo April 30, 2026). Less than three weeks later, AmGUARD filed its answer, asserting the following affirmative defenses: (1) failure to state a claim, (2) insured not entitled to recover additional funds, (3) set-off, and (4) failure to mitigate. *See Niemetz*, 4:26-cv-00656-SRC, Doc. [9] at 3-6. In other words, among other defenses, AmGUARD makes the same arguments in Mr. Niemetz's lawsuit as it makes in this one: that it owes Mr. Niemetz nothing or is entitled to a set-off for his recovery from the other driver.

Judge Clark ordered the parties to brief whether the parallel cases should be consolidated. *See id.*, Doc. [8]. Mr. Niemetz responded that the two actions "are, to say the least, parallel, intertwined, and very similar actions involving the same parties, the same insurance policy, and the same motor vehicle accident." *Id.* And AmGUARD agreed: "Both cases involve the same parties, same insurance policy, same accident and date of loss, and the same overarching legal issue: whether AmGUARD owes additional money to Scott Niemetz or is entitled to a set-off." *Id.*, Doc. [12] at 2. But the parties disagreed about how the Court should proceed. Mr. Niemetz argued that AmGUARD's declaratory judgment action "should be dismissed as an improper preemptive and anticipatory suit filed in bad faith and which is nothing more than a procedural maneuver to race to the courthouse to dispute insurance coverage after rejecting Mr. Niemetz's settlement demand." *Id.*, Doc. [10] at 3. And AmGUARD argued that the actions should be consolidated into the declaratory judgment action. *Id.*, Doc. [12] at 3.

DISCUSSION

## I.    AmGUARD's Motion to Consolidate is denied because the Court lacks jurisdiction over Mr. Niemetz.

Against the above backdrop, the Court turns to AmGUARD's request to consolidate this case with the case pending before Judge Clark. *See* Doc. [7]. A court may consolidate multiple

2

cases when the cases share a "common question of law or fact."   Fed. R. Civ. P. 42(a).   When evaluating a motion to consolidate, courts look to several factors, including:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*O'Donnell v. Charter Commc'ns, Inc.*, 2025 U.S. Dist. Lexis 229413, at *2-3 (E.D. Mo. Nov. 21, 2025) (quoting *Select Comfort Corp. v. Baxter*, 2022 WL 17555484, at *3 (D. Minn. Dec. 9, 2022)) (alterations in *Select Comfort*).   In this district, the judge presiding over the lowest-numbered case is responsible for ruling on such requests and, if consolidation is granted, presiding over the consolidated cases.   *See* E.D. MO. L.R. 4.03.   This action has a lower case number than the related suit, and so the consolidation question is properly before the undersigned.   But AmGUARD has so far prevented the Court from ruling on its motion by failing to establish its jurisdiction over Mr. Niemetz.

### A. Because AmGUARD has not served Mr. Niemetz, the Court has no jurisdiction over him.

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).   "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

AmGUARD has not yet served Mr. Niemetz.   AmGUARD filed its motion to consolidate, Doc. [7], on May 15, 2026.   That same day, AmGUARD filed an Affidavit of Non-Service with a summons returned unexecuted, stating that "Defendant never answered."   Doc. [11] at 2.   Noting that it still had no jurisdiction to rule on the motion to consolidate that had been pending for several weeks, which was stalling the progress of not one but two cases pending in this district, on July 2, 2026, the Court reminded AmGUARD that the time period for serving Mr. Niemetz would expire on July 7, 2026, and notified it that failure to effect service by that date would result in dismissal of this action without prejudice.   *See* Doc. [14].   On July 7th,

AmGUARD did not file proof of service but instead requested an extension of time to effect service. *See* Doc. [15].

### B. Because AmGUARD has failed to show good cause or excusable neglect, this case is dismissed under Rule 4(m).

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In considering whether to grant such an extension or dismiss the case pursuant to Rule 4(m), the Eighth Circuit mandates that the Court engage in a "two-step analysis":

> First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed [ ] period. If the district court concludes that good cause is shown, it must extend the time for service. . . . Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service. . . . To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect. . . . A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion.

*Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003) (citation modified).

### 1. AmGUARD has not shown good cause.

"There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Id.* at 613.  But "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Id.* (quoting *Adams*, 74 F.3d at 887 ).  "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (citing 4B Wright & Miller, *Federal Practice and Procedure* § 1137 at 342 (3d ed. 2002)). The standard is amorphous, and "[w]hether or not it has been satisfied is largely dependent upon the facts of each individual case.  It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance." *Colasante*, 81 F. App'x at 613.

AmGUARD's motion for an extension cites none of the indicia of good cause. It does not blame its failure to serve on the conduct of a third party or accuse Mr. Niemetz of evasion or misleading conduct. AmGUARD claims to have attempted to serve Mr. Niemetz "on numerous occasions," Doc. [15] at 2, but it details in its motion only four attempts by a single process server to serve Mr. Niemetz at a single residence over a single five-day period in April, shortly after the lawsuit was filed. Doc. [15] at 2.[1] It provides no reason to find Mr. Niemetz's absence at that specific time suspicious, and it describes no efforts to find Mr. Niemetz at that residence or any other location over the intervening two months. Doc. [15] at 2. In fact, outside of that single week in April, AmGUARD does not document any other attempt to serve Mr. Niemetz during the entire 90-day window.[2] The only documented communication relating to service after April 27th is a July 6th email to the attorney who represents Mr. Niemetz in the parallel action, requesting waiver of service. *See* Doc. [15-5]. The fact that AmGUARD sent two emails, three months apart, asking Mr. Niemetz's counsel in another matter to waive service on his behalf for the purposes of this matter does not, in this Court's view, raise its efforts to serve Mr. Niemetz to the level of "diligent." And AmGUARD, which is represented by counsel, presents no other "mitigating circumstance" on the basis of which the Court could find good cause for its failure to effectuate service.

Absent good cause, AmGUARD is not entitled to an extension as of right under Rule 4(m), but the Court still may grant it an extension on a showing of excusable neglect. *Colasante*, 81 F. App'x at 6113. AmGUARD's motion does not meet that standard either.

### 2. AmGUARD has not shown excusable neglect.

Absent evidence of excusable neglect, AmGUARD does not qualify for even a permissive extension. *Kurka*, 628 F.3d at 957-59. "Excusable neglect is an 'elastic concept'

---

[1] AmGUARD attached an email update from the process server dated May 5, 2026, detailing the failure to detect any sign of any person at the target residence in any of the four attempts. Doc. [15-3] at 1. The email chain is somewhat confusing in that, on April 29th, the account manager at the process server emailed that two attempts at service had been made and that "the server is making one more attempt," but then a May 5th email attests that four attempts had taken place *before* April 27th. Regardless, the emails demonstrate that AmGUARD was on notice no later than May 5th—two months before the window closed—that service at that address had not been successful.

[2] Although AmGUARD reports that it "attempted to serve Niemetz on July 6, 2026, and July 7, 2026," Doc. [15] at 2, it provides no documentation of such attempts. And even if it had, the lack of any attempt at service between April 27th and the July 6th would still call into question any claim to diligence.

5

that empowers courts to provide relief where a party's failure to meet a deadline is 'caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'   *Kurka*, 628 F.3d at 959 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993)) (citation modified).   "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"   *Id.* (quoting *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir. 2010).   The Eighth Circuit has explained:

> In determining whether neglect is excusable, the following factors are particularly important:   (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith.

*Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).   The reason for the delay is the most significant factor in this analysis.   *Id.* (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007)).   Additionally, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant.   *Id.* (citing *Chorosevic*, 600 F.3d at 947 (finding the denial of a motion to file out of time would have imposed on the appellees a severe penalty unmatched by any prejudice to the appellant)); *see also Colasante,* 81 Fed. Appx. at 613 (no abuse of discretion in finding no good cause or excusable neglect in the plaintiff's "inattention to procedural rules," even though dismissal without prejudice effectively barred plaintiff's claim).

As outlined above, the delay in effectuating service upon Mr. Niemetz appears to be attributable to want of effort.   As such, the most important factor in evaluating excusable neglect disfavors granting AmGUARD an extension.   AmGUARD could have tried to serve Mr. Niemetz between April 27, 2026, and July 6, 2026—the day before the deadline, after a reminder from the Court—but it does not claim to have made any such efforts.   Insofar as AmGUARD's declaratory judgment suit seeks to forestall Mr. Niemetz's demand for payment on a policy, delay likely harms Mr. Niemetz more than it does AmGUARD.   And on the other side of the ledger, denying AmGUARD's motion for an extension does not cause it any genuine prejudice, because the relevant claims are already pending in the related action.

AmGUARD failed to serve Mr. Niemetz in the 90 days following filing its Complaint, despite notice from the Court, *see* Doc. [14].   Because AmGUARD has demonstrated neither

good cause nor excusable neglect for its failure to serve Mr. Niemetz, the Court finds that it must deny the motion for an extension of time, Doc. [15], and dismiss this action without prejudice for failure to effect timely service under Federal Rule of Civil Procedure 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Extend the Service Deadline is **DENIED** and the action **DISMISSED** for failure to timely serve Mr. Niemetz under Federal Rule of Civil Procedure 4(m).   A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that all pending motions in this matter are **DENIED AS MOOT**.

Dated this 24th day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE